UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---------------------------------------------------------

In re:

                                                BKY 17-42115-KAC

The Yoga Center, LLC,

                                                Chapter 11

       Debtor.

---------------------------------------------------------

## THE YOGA CENTER, LLC'S AMENDED PLAN OF REORGANIZATION, DATED JANUARY 18, 2018

The Yoga Center, LLC the Debtor, hereby presents its Amended Plan of Reorganization.

## ARTICLE 1
## DEFINITIONS

The following terms used in the Amended Plan of Reorganization shall have the following meanings:

1.1     "Effective Date" shall mean the thirtieth day after the Date on which an Order confirming the Amended Plan is entered by the Court, and becomes a final non-appealable Order.

1.2     All other terms used in this Amended Plan shall have the meanings ascribed to them in the Bankruptcy Code, Bankruptcy Rules, commercial practice, or ordinary usage.

## ARTICLE 2
## UNCLASSIFIED CLAIMS: DESCRIPTION AND TREATMENT

2.1     **Priority unsecured tax claims entitled to priority pursuant to §507(a)(8) of United States Bankruptcy Code, including the claims of the United States Internal Revenue Service, and the Minnesota Department of Revenue.**

For the purposes of the Amended Plan, these tax claims will include taxes assessed pre-petition but payable post-petition as well as taxes expected to be assessed post-petition. These claims, as identified in the IRS' amended proof of claim, are estimated to be approximately $200.00, but that claim is disputed. The MN Department of Revenue has not filed a claim and Debtor does not believe any taxes are due to the MN Department of Revenue at this time.

The Debtor will make such additional payments as may be necessary to assure that

the tax priority claims are paid on the Effective Date or in the ordinary course of business from Debtor's operating revenues pursuant to 28 U.S.C. §1930 (a) and (b). Debtor reserves the right to accelerate payments to these creditors.

2.2 **Administrative claims entitled to priority pursuant to § 503(b)(2) of the United States Bankruptcy Code**

These claims include attorney's fees and accountant fees for Debtor's attorneys and accountants, as may be approved and awarded by the Court pursuant to §330(a) of the United States Bankruptcy Code. Debtor estimates aggregate administrative priority claims for professional persons including the operating trustee will be approximately $19,230. Allowed administrative expenses entitled to priority pursuant to §503(b)(2), shall be paid in full to the extent allowed by court within 360 days of the Effective Date from Debtor's operating revenues and from advance retainers paid by the Debtor to professionals.

2.3 **United States Trustee's fees and other court costs and fees assessed or assessable.**

Debtor estimates that unpaid US trustee's fees, court fees, and other fees assessable pursuant to these provisions and remaining unpaid as of the Effective Date will be under $1,500 and will be paid on or before the date of confirmation. All such fees and expenses will be paid on the Effective Date or in the ordinary course of business from Debtor's operating revenues pursuant to 28 U.S.C. §1930 (a) and (b).

## ARTICLE 3
## CLASSIFIED CLAIMS: DESCRIPTION AND TREATMENT

3.1 **Class 1: Priority Wage Claims pursuant to §507(a)(4) of the Code.**

Debtor estimates that there are $8,587.58 of pre-petition compensation due which would be entitled to priority under § 503(b)(1) on the effective date of the Amended Plan. Allowed administrative expenses entitled to priority pursuant to § 503(b)(1), shall be paid in full to the extent allowed by court within 360 days of the Effective Date from Debtor's operating revenues.

This class is impaired.

3.2 **Class 2: Priority Pre-payment Claims pursuant to § 507(a)(7) of the Code.**

Class 2 consists of all claims from those to whom refunds are due pursuant to Minn. Stat.§ 136A.827(6). To the extent that Debtor provides yoga instructor courses for

profit, it is a "private career school" as defined by Minn. Stat. § 136A.821(5). A number of students that had applied for Debtor's instructional courses, had elected to cancel their contract or otherwise were entitled to a refund as of the date of filing because Debtor did not provide the services for which the student had bargained. Under Minnesota state law, a private career school . . . shall refund to the student any amounts due and arrange for termination of the student's obligation to pay any sum in excess of that due under the cancellation and refund policy. *See* Minn. Stat.§ 136A.827(6). Debtor shall pay to the Class 2 priority unsecured creditors $9,019.49 within 360 days of the effective date of the Amended Plan from Debtor's operating revenues. At present, and based upon filed and scheduled claims as of the date of this Amended Plan, Debtor estimates that the total amount of the claims in this class is approximately $9,019.49.

This class is impaired.

3.3    **Class 3: Secured Claim – Klein Bank**

Class 3 consists of the secured claim of Klein Bank.

Klein Bank holds a $150,894.78 secured claim secured against substantially all of Debtor's assets, which were valued at $157,784.63 as of the commencement of the case. Klein Bank holds a senior lien as its lien was perfected prior to the liens of Debtor's other secured creditors by the filing of a financial statement with the Secretary of State of the State of Minnesota on October 27, 2014. Pursuant to Order of this Court dated October 17, 2017 and a stipulation between Debtor and Klein Bank dated August 29, 2017, Debtor continued to use the cash-collateral for business operation in exchange for providing Klein Bank adequate protection by granting Klein Bank replacement liens in all post-petition assets of Debtor having the same nature, type, quality and substance of the pre-petition collateral, excluding any causes of action Debtor may have under Chapter 5 of United States Bankruptcy Code. Debtor provided additional adequate protection by stipulating to interest only payments to Klein Bank payable September – December 2017. Klein Bank's secured claim is $150,894.78 (Claim 14).

This claim is impaired.

Debtor will pay approximately 100% of the allowed Class 3 secured claims, with an interest rate of 5.50%, in monthly installments of $2,871.00 per month beginning the 20th day of the first month following the effective date of the Amended Plan, for a term of 60 months.

3.4    **Class 4: Secured Claim – Can Capital Asset Servicing, Inc.**

Class 4 consists of the partially secured claim of Can Capital Asset Servicing.

Can Capital Asset Serving, Inc. holds a $62,000 secured claim partially secured against substantially all of Debtor's assets. Can Capital Asset Serving, Inc's lien was perfected after Klein Bank's lien but prior to the liens of Debtor's other secured creditors[1] by the filing of a financial statement with the Secretary of State of the State of Minnesota on October 31, 2016. All of collateral, except $6,889.85, that secures Can Capital Asset Serving, Inc's claim is encumbered by the perfected senior lien of Klein Bank. Therefore, this Amended Plan treats any secured claim that Can Capital Asset Serving, Inc. may claim as unsecured in the amount of $55,110.15. The unsecured amount of Can Capital Asset Serving, Inc's claim shall be treated as unsecured, non-priority claim pursuant to paragraph 3.3 below. Can Capital Asset Serving, Inc. has not filed a claim.

This claim is impaired.

Debtor will pay approximately 100% of the allowed Class 4 secured claim, with an interest rate of 5.50%, in monthly installments of $143.00 per month beginning the 20th day of the first month following the effective date of the Amended Plan, for a term of 60 months.

3.5     **Class 5: Secured Claim – Pawnee Leasing Corporation.**

Class 5 consists of the partially secured claim of Pawnee Leasing Corporation.

Pawnee Leasing Corporation holds a $23,465.30 secured claim partially secured against the exterior building signs Debtor purchased from the creditor. Pawnee Leasing Corporation's lien was perfected after Klein Bank's lien but prior to the liens of Debtor's other secured creditors by the filing of a financial statement with the Secretary of State of the State of Minnesota on September 23, 2016. However, Pawnee Leasing Corporation's lien only extends to the signs that Debtor purchased from the creditor. Debtor estimates the value of the signs at $292.00. Debtor intends to surrender the signs to Pawnee Leasing Corporation upon confirmation of this Amended Plan in order to extinguish Pawnee Leasing Corporation's secured claim. Therefore, this Amended Plan disregards any secured claim that Pawnee Leasing Corporation may claim. Any deficiency on Pawnee Leasing Corporation's claim shall be treated as unsecured, non-priority claim pursuant to paragraph 3.6 below. Pawnee Leasing Corporation has not filed a claim.

This claim is impaired.

The Debtor will surrender the collateral for the Class 5 Secured Debt. Any

---

[1] The financing statement of Pawnee Leasing Corporation was filed prior to the financing statement of Can Capital Asset Serving, Inc. However, the Pawnee Leasing Corporation lien extends only to the signs Debtor purchased from the creditor.

deficiency on Pawnee Leasing Corporation's claim shall be treated as an unsecured, non-priority claim.

### 3.6 Class 6 General Unsecured Claims

Class 6 claims consists of all pre-petition, unclassified non-priority claims and includes the unsecured non-priority portion of any tax claim (if any), and the unsecured portion of any otherwise secured claims where the claim has been reduced to the current market value of the property in accordance with 11 U.S.C. § 506 or otherwise disallowed by order of the court. These otherwise secured creditors have a security interest in the same collateral that is junior to the valid and perfected senior lien of Klein Bank. To the extent the otherwise secured creditors perfected their liens after Klein Bank, their secured claims are impaired as described in paragraphs 3.6(A) and 3.6(B) below.

A. Kings Cash Group, LLC holds a $180,669.19 secured claim unsecured by any of Debtor's assets. Kings Cash Group, LLC's lien was perfected after Klein Bank's and Can Capital Asset Serving, Inc's liens but prior to the liens of Debtor's other secured creditors by the filing of a financial statement with the Secretary of State of the State of Minnesota on May 25, 2017. All the of collateral that secures Kings Cash Group, LLC's claim is encumbered by the perfected liens of Klein Bank and Can Capital Asset Serving, Inc. Kings Cash Group, LLC has conceded as much by filing a proof of claim that does not claim a security interest in Debtor's assets. Therefore, this Amended Plan treats any secured claim of Kings Cash Group, LLC as unsecured in the amount of $180,669.19. Kings Cash Group, LLC's claim shall be treated as unsecured, non-priority claim. Kings Cash Group, LLC's unsecured claim is $180,669.19 (Claim 5).

   This claim is impaired.

B. Forward Financing, LLC holds a $74,336.88 secured claim unsecured by any of Debtor's assets. Forward Financing, LLC's lien was perfected after Debtor's other secured creditors by the filing of a financial statement with the Secretary of State of the State of Minnesota on May 30, 2017. All of the collateral that secures Forward Financing, LLC's claim is encumbered by the perfected liens of Klein Bank and Can Capital Asset Serving, Inc. Forward Financing, LLC has conceded as much by filing a proof of claim that does not claim a security interest in Debtor's assets. Therefore, this Amended Plan treats any secured claim of Forward Financing, LLC as unsecured in the amount of $74,336.88. Forward Financing, LLC's claim shall be treated as unsecured, non-priority claim. Forward Financing, LLC's unsecured claim is $74,336.88 (Claim 7).

   This claim is impaired.

At present, and based upon filed and scheduled claims as of the date of this Amended Plan, Debtor estimates that the total amount of the claims in this class, including creditors that may qualify under Article 6 is approximately $693,921.23. This amount includes the allowed unsecured portion of the claims of Can Capital Asset Services, Inc. and Pawnee Leasing Corporation, the non-priority unsecured portion of the pre-petition compensation claim, as well as the claims of lessors resulting from the termination of leases.

Debtor will pay approximately 29.3% of the allowed unsecured claims, in monthly installments of $1,019.00 per month beginning the 20th day of the first month following the effective date of the Amended Plan, for a term of 12 months, then $3,986.00 per month for a term of 48 months. If the aggregate amount of allowed Class 6 claims is less than $203,556.00, the total amount of distributions to holders of Class 6 Claims shall be in an amount equal to the aggregate amount of allowed Class 6 Claims. If the aggregate amount of allowed Class 6 Claims is more than $203,556.00, total distributions to holders of Class 6 Claims shall be not less than $203,556.00.

All distributions to holders of allowed Class 6 Claims shall made on a pro-rated basis such that the distribution to any one holder shall be proportionate to the ratio of the holders' claim bears to the aggregate amount of allowed Class Two Claims (individual distribution = amount of holder's allowed claim ÷ aggregate amount of allowed Class Two Claims, multiplied by the total amount of the distribution).

These claims are impaired.

3.7    **Class 7: Equity Holder's Unsecured Claim.**

Class 7 consists of the claims and interests of the equity security holder, Neil Riemer. At present, and based upon filed and scheduled claims as of the date of this Amended Plan, debtor estimates that the total amount of the claims in this class is approximately $903,929.00.

The claims of the equity security holder, Neil Riemer, shall be unconditionally waived as consideration for the retention of Neil Riemer's equity as described below. Debtor will pay 0.0 % of the allowed claim and interest of the equity security holder, with no interest.

This claim is impaired.

3.8    **Class 8: Equity Holder's Membership Interest.**

Class 8 consists of the interest of the equity security holder, Neil Riemer.  The

equity security holder of the Debtor will retain entirely his membership interest in the Debtor.  As consideration for retention of the membership interest, Neil Riemer has agreed to waive his claims so that general unsecured creditors will be paid a greater pro rata share of payment under Class 6.

## ARTICLE 4
## ACCELERATION OF PAYMENTS

     Debtor reserves the right, at its sole option, to accelerate payments to any creditor or class of creditors.

## ARTICLE 5
## AVOIDANCE ACTIONS

     The Debtor reserves the right to pursue avoidance actions pursuant to 11 U.S.C. § 547 and 11 U.S.C. § 548.  The Debtor has reviewed its records for evidence of preference payments or otherwise avoidable transfers, at present the Debtor does not intend to pursue these claims.

## ARTICLE 6
## EXECUTORY CONTRACTS AND LEASES

6.1 **Assumption and Rejection of Executory Contracts and Unexpired Leases**

A. The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Effective Date of this Amended Plan:
   a. Sharvasana, LLC for the leasehold interest of real property located at 4200 Minnetonka Blvd., St. Louis Park, MN 55416. This sub-lease tracks the terms of the primary lease Sharvasana, LLC has with 4200 Minnetonka, LLC.  The landlord and sublandlord agreed to cure the arrears due under the primary lease, *inter alia*, via quarterly payments of $6,000.  Additionally, the sublandlord and Neil Riemer delivered to the landlord a confession of judgment for unlawful detainer and awarding landlord a writ of recovery of the leased premises, plus costs and attorneys fees, in the event of any default under the terms of the lease or the settlement agreement.  Landlord will be entitled to take any actions necessary to give effect to that confession of judgment beginning the day following any monetary default or the day following the expiration of any period for cure of non-monetary defaults.  The landlord, sublandlord and subtenant agree that this settlement is an adequate assurance of a prompt cure under 11 U.S.C. § 365(b)(1);
   b. The Yoga Room for the leasehold interest of real property located at

2839 Mall Dr., Eau Claire, WI 54701-6879. The pre-petition arrears of $500 will be paid in full within 120 days of the Effective Date of the Amended Plan;

c. U.S. Bank Equip Finanace lease 3/23/17 (Acct. No. 2909-000) for the leasehold interest of one Ricoh copier. The pre-petition arrears of $589.53 will be paid in full within 120 days of the Effective Date of the Amended Plan.

B. The Debtor hereby rejects the outstanding lease of CLPF-Velo, LLC for the leasehold interest of the non-residential real property located at 103 North Second St., Minneapolis, MN 55401. The Debtor hereby rejects the executory contract of JPMorgan Chase Bank, N.A. for the leasehold interest in 2014 Land Rover Range Rover Sport vehicle identification number SALWR2WF3EA327560, title number J00980192.

C. The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.1(A) above, or before the date of the order confirming this Amended Plan, upon the time allowed for the debtor to assume or reject unexpired non-residential real property leases under 11 U.S.C. § 365(d)(4)(A)(i), which is extended to and including February 8, 2018, pursuant to an Order of this Court dated October 16, 2017. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Amended Plan.

D. Notwithstanding the foregoing, per § 503(b)(7) of the Code, with respect to a nonresidential real property lease previously assumed under § 365 and subsequently rejected, a sum equal to all monetary obligations due, excluding those arising from or relating to a failure to operate or a penalty provision, for the period of 2 years following the later of the rejection date or the date of actual turnover of the premises, without reduction or setoff for any reason whatsoever except for sums actually received or to be received from an entity other than the Debtor, and the claim for remaining sums due for the balance of the term of the lease shall be a claim under § 502(b)(6).

6.2 **Limited Extension of Time to Assume or Reject**

In the event of a dispute as to whether a contract or lease is executory or unexpired, the right of the Debtor or Reorganized Debtor to move to assume or reject such contract or lease, either by motion or pursuant to such expedited procedures as have been approved by the Court, shall be extended until the date that is thirty (30) days after the entry of a Final Order by the Court determining that the contract or lease is executory or unexpired. The deemed assumptions and rejections provided for in this Article 6 of the

Amended Plan shall not apply to such contract or lease.

### 6.3 **Cure**

The applicable Reorganized Debtor, except as otherwise agreed by the parties, will cure any and all undisputed defaults under any executory contract or unexpired lease that is assumed by such Reorganized Debtor pursuant to the Amended Plan in accordance with section 365 of the United States Bankruptcy Code. In the event there is a dispute as of the Effective Date regarding the amount required to cure defaults under any executory contract or unexpired lease that the Reorganized Debtor proposes to assume, the Reorganized Debtor shall have until thirty (30) days after entry of a Final Order determining the amount, if any, of the applicable Debtor or Reorganized Debtor's liability with respect thereto, or as may otherwise be agreed by the parties, to determine whether to assume or reject the related executory contract or unexpired lease. In the event the Reorganized Debtor determines to assume the applicable executory contract or unexpired lease related to the disputed cure, such disputes shall be cured either within thirty (30) days of the entry of a Final Order determining the amount, if any, of the applicable Debtor or the Reorganized Debtor's liability with respect thereto, or as may otherwise be agreed to by the parties.

### 6.4 **Rejection Damages Claim**

All claims for damages arising from the rejection of executory contracts or unexpired leases must be filed with the Court in accordance with the terms of the order authorizing such rejection and any applicable bar dates established during the case, but in no event later than thirty (30) days after the Effective Date (unless rejected at a later date as a result of a disputed cure amount as set forth in Article 6.3 herein). Any claims not filed within such time will be forever barred from assertion against the Debtor, their respective estates and the Reorganized Debtor. All allowed claims arising from the rejection of executory contracts or unexpired leases shall be treated as general unsecured claims.

## ARTICLE 7
## MEANS OF EXECUTION OF THE AMENDED PLAN

As of the date of confirmation of the Amended Plan, the Debtor shall be re-vested with all remaining property of the estate. On the Effective Date, Debtor shall commence making distributions in accordance with the treatment of each class of creditor and/or interest holder discussed immediately above. All such distributions shall be funded from Debtor's current income.

# ARTICLE 8
## MODIFICATION OF THE AMENDED PLAN

Debtor may alter, amend, or modify the Amended Plan to the fullest extent provided in 11 U.S.C. §1126 (a) or (b).

# ARTICLE 9
## RELEASE

Confirmation of the Amended Plan shall constitute a release of all claims of all creditors against Debtor, except as provided for in the Amended Plan, and to the extent authorized by 11 U.S.C. §1141. Confirmation of the Amended Plan will bind creditors to accept payments as provided for in the Amended Plan, and oblige Debtors to make the payments to creclitors as provided for in the Amended Plan.

# ARTICLE 10
## CONTINUING REPORTING REQUIREMENTS AND PAYMENT OF UNITED STATES TRUSTEE FEES

The Reorganized Debtor shall be responsible for the timely payment of all fees incurred pursuant to 28 U.S.C. § 1930(a)(6). After confirmation of the Amended Plan, the Debtor shall submit quarterly operating reports to the United States Trustee each quarter (or portion thereof) until this Chapter 11 case is closed, dismissed or converted. These reports shall be in the format prescribed by the United States Trustee.

Dated: January 21, 2018

Respectfully submitted,

ATLAS LAW FIRM, LLC

By: /e/ Michael J. Sheridan
Michael J. Sheridan (#0388936)
Attorney for Debtor
7900 International Dr., Suite 300
Bloomington, MN 55425
(763) 229-7538

The Yoga Center, LLC.
Debtor

Dated: 01/21/2018

By: [signature]
Its: Pres